**In re Anonymous No. 61 D.B. 86**

Disciplinary Board Docket no. 61 D.B. 1986.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

IOLE, *Member,* January 18, 2002—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner, [   ], filed a petition for reinstatement to the bar of Pennsylvania on September 13, 2000. Petitioner was disbarred on consent by order of the Supreme Court of Pennsylvania on September 25, 1986.

A reinstatement hearing was held on March 2, 2001, before Hearing Committee [   ] comprised of Chair [   ], Esquire, and Members [   ], Esquire, and [   ], Esquire. Petitioner was represented by [   ], Esquire. Office of Disciplinary Counsel was represented by [   ], Esquire.

The committee filed a report on May 3, 2001, and recommended that the petition for reinstatement be granted.

No briefs on exceptions were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting of July 24, 2001.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner was born in 1944 and was admitted to the practice of law in Pennsylvania in 1974. He resides at [   ].

(2) Petitioner was disbarred on consent in 1986 after he misappropriated $31,700 from the Estate of [A].

(3) In August of 1982, petitioner was retained to represent the estate of [A] in order to establish trusts and probate the will. Over the next three years, petitioner failed to properly represent the estate, complete necessary estate documents, complete inheritance tax returns, advise beneficiaries under the will and trust, and perform other essential and necessary functions as counsel for the estate.

(4) From September 1982 until March 1985, petitioner misappropriated approximately $31,700 from the estate. Petitioner was later subjected to a surcharge of his legal fees of $6,455.56.

(5) As a result of allegations of [B] on behalf of the estate, Office of Disciplinary Counsel forwarded a DB-7 letter to petitioner on January 17, 1986.

(6) As a result of this letter, petitioner voluntarily resigned his license to practice law.

(7) Petitioner has reimbursed the estate as well as paid all associated expenses.

(8) During the period of the misconduct, petitioner was an alcoholic.

(9) Petitioner began his recovery from alcoholism in November 1984 with his admission to [   ] Hospital emergency room. After his discharge, he was admitted to [   ] Rehabilitation Center inpatient program and was given a regular discharge from treatment on January 2, 1985.

(10) Petitioner is sober and does not drink any alcohol. He has sought professional counseling for his problems and has attended AA meetings.

(11) From 1986 to 2001 petitioner was employed in a variety of jobs. These included management consulting, clerk cashier positions, automobile leasing, business/financial administration, and sales representative for a communications company. Most recently he has been a paralegal for Attorney [C].

(12) Although petitioner worked for attorneys during his period of disbarment, petitioner did not practice law. Petitioner completed forms, investigated cases and proofread summaries of business data.

(13) In 1995, petitioner started to take active steps towards reinstatement. Petitioner attended various CLE courses and became more actively engaged in work with Attorney [C].

(14) From August 1995 through April 2000, petitioner accumulated approximately 100 hours of CLE credits.

(15) Petitioner reviewed the *[     ] Legal Journal, Pennsylvania Law Weekly* and advance sheets to keep current with the law.

(16) [D], a certified public accountant, has known petitioner since 1992 and has worked with him on different projects preparing financial statements and taxes. He testified that petitioner is very competent and diligent. He further testified that, in his opinion, petitioner is an honest person to whom he would refer other individuals for legal representation.

(17) Attorney [E] has known petitioner since law school. He testified that he has a high opinion of petitioner's honesty. He does not believe that petitioner will present a danger to the public if reinstated to the practice of law.

(18) Attorney [C] has known petitioner since law school. He hired petitioner as a controller. He testified that petitioner performed his job duties in an exemplary fashion and he would feel comfortable referring clients to petitioner.

(19) If reinstated, petitioner plans to continue his work with Attorney [C].

(20) Petitioner expressed sincere remorse for his misconduct.

## III. CONCLUSIONS OF LAW

(1) The misconduct for which petitioner was disbarred is not so egregious as to preclude immediate consideration of his petition for reinstatement.

(2) Petitioner has demonstrated, with clear and convincing evidence, that he possesses the moral qualifications, competency and learning in the law necessary to practice law in the Commonwealth of Pennsylvania.

(3) Petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar nor subversive of the interests of the public.

## IV. DISCUSSION

Petitioner's request for reinstatement to the bar of Pennsylvania after disbarment is initially governed by the standard set forth by the Supreme Court of Pennsylvania in *Office of Disciplinary Counsel v. Keller*, 509 Pa. 573, 506 A.2d 872 (1986). The *Keller* opinion articulates a threshold inquiry which must be met before the requirements of Pa.R.D.E. 218(c)(3)(i) are considered.

This threshold inquiry is whether the magnitude of the breach of trust would permit the resumption of practice without a detrimental effect upon the integrity and standing of the bar or the administration of justice nor be subversive of the public interest. *Keller* thus requires a determination that the original misconduct was not so offensive as to preclude reinstatement.

Petitioner was disbarred on consent for misappropriating approximately $31,700 from an estate during the time frame from September 1982 until March 1985. While misuse of funds is very serious misconduct and frequently forms the basis for disbarment, such misconduct does not necessarily preclude reinstatement. Under some circumstances, the Supreme Court has allowed reinstatement of disbarred attorneys for such misconduct. *E.g., In re Anonymous No. 67 D.B. 81,* 13 D.&C.4th 652 (1991); see also, *In re Greenberg,* 561 Pa. 154, 749 A.2d 434 (2000). Thus, while petitioner's misconduct was certainly repugnant to the public trust, in the board's view it does not forever prohibit his reinstatement.

The board must next determine whether petitioner met his burden of proving by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for admission to practice law in Pennsylvania, and that his current resumption of the practice of law would not have a detrimental impact on the integrity and standing of the bar, the administration of justice, or the public interest. Pa.R.D.E. 218(c) (3)(i). In order to make this determination, the board must consider the amount of time that has passed since petitioner was disbarred, as well as his efforts at rehabilitation.

Petitioner was disbarred on September 25, 1986. He has been without a license to practice law for more than 14 years. The record demonstrates that during this time frame he actively worked to rehabilitate himself, both in his personal life and in his professional life. Petitioner accepted the fact that he was an alcoholic and sought treatment for that disease. He remains active in Alcoholics Anonymous and is sober. Petitioner made full restitution to the estate of [A]. He also made reimbursement payments to the Pennsylvania Lawyers Fund for Client Security, which had made an award in favor of the estate in September 1993. Petitioner expressed sincere remorse. He stated in his petition for reinstatement that rarely a day has passed during his disbarment that he did not think with pain of the circumstances leading to his disbarment.

Petitioner fulfilled his CLE credit requirements and kept apprised of the law by reading advance sheets, the *Pennsylvania Law Weekly* and the *[ ] Legal Journal.* During his disbarment, he worked in various capacities as a paralegal, sales representative, and management consultant. If reinstated, he plans to practice on a limited basis with Attorney [C], who was instrumental in petitioner's employment during his disbarment.

Considering all of the above facts, the board is persuaded that petitioner has demonstrated that he has engaged in a qualitative period of rehabilitation during his disbarment. In the board's view, petitioner has met his burden pursuant to Pa.R.D.E. 218(c)(3)(i) and has shown that he is prepared to accept his responsibility to practice law in an ethical manner.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [   ], be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Morris did not participate in the disposition of this matter.

Board Members Schultz and Sheerer did not participate in the July 24, 2001 adjudication.

## ORDER

And now, March 11, 2002, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated January 18, 2002, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.